## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>               Plaintiff,<br><br>v.<br><br>MICHAEL JUNIOR VIDAURRI,<br><br>               Defendant. | CRIMINAL CASE NO. CF0919-25<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This motion asks whether unrelated misdemeanor and violation offenses may be joined with felony charges in a single indictment under Guam law. Defendant Michael Junior Vidaurri, represented by Attorney Jacob Wagner, moves to dismiss Charges Three and Four of the Indictment. The People of Guam, represented by Assistant Attorney General Neil Bonavita, oppose. The Court agrees with Defendant. Guam's statutory framework permits joinder only where misdemeanors are related to a felony. Where, as here, the charged offenses arise from separate incidents with no factual connection, joinder is improper.

### BACKGROUND

On December 18, 2025, the People of Guam initiated this case by filing a Magistrate's Complaint charging Defendant with Terrorizing, Assault, Eluding a Police Officer, and Operating a Vehicle Without Proof of Required Registration. *Magistrate's Compl.* at 1–3 (Dec.

18, 2025). The Complaint alleged that, between February 14, 2025 and February 26, 2025, Defendant threatened and assaulted victim. *Id.* at 1–2.

The Affidavit further described a separate incident occurring on December 16, 2025, when Guam Police Department officers attempted to conduct a traffic stop on a vehicle operated by Defendant. *Id.* at 1–2. According to the Affidavit, Vidaurri failed to stop when signaled by police and continued driving through multiple roadways before ultimately stopping on a residential street. *Id.* at 2. Officers detained Vidaurri and, following a search of the vehicle, recovered ammunition, firearm components, and suspected drug paraphernalia. *Id.*

On December 23, 2025, a grand jury returned an Indictment charging Defendant with four offenses: (1) Terrorizing, as a third-degree felony; (2) Assault, as a misdemeanor; (3) Eluding a Police Officer, as a misdemeanor; and (4) Operating a Vehicle Without Proof of Required Registration, as a violation. *Indictment* at 1–2 (Dec. 23, 2025). The Indictment alleges that the Terrorizing and Assault charges arose from conduct occurring between February 14 and February 26, 2025, involving victim. *Id.* at 1–2. It further alleges that the Eluding and Registration charges arose from conduct occurring on December 16, 2025. *Id.* at 2.

On March 26, 2026, Defendant, filed a motion to dismiss Charges Three and Four of the Indictment, arguing that those charges are unrelated to the felony charge and were improperly included in the Indictment. Specifically, the motion asserts that the alleged traffic-related offenses occurred approximately ten months after the conduct underlying the Terrorizing charge and do not arise from the same act, transaction, or common scheme or plan. *Id.* at 3–6.

On April 7, 2026, the People filed an opposition to the motion, contending that the grand jury acted within its statutory authority in returning the Indictment and that Defendant has failed to demonstrate any irregularity in the grand jury proceedings. *People's Opp'n to Def.'s Mot. to*

*Dismiss* at 2–4 (Apr. 7, 2026) . The People further argue that the grand jury's role is limited to determining whether probable cause exists for each charged offense, and that any challenge to joinder does not undermine the validity of the Indictment. *Id.* at 3–4 .

## DISCUSSION

The Court resolves this motion in two steps. First, the Court examines the statutory limits on joinder under 8 GCA § 1.15. Second, the Court applies that standard to the facts alleged in the Indictment and concludes that Charges Three and Four are unrelated to the felony conduct and must be dismissed.

### I. The Court Grants Defendant's Motion to Dismiss Charges Three and Four Based on Improper Joinder of Unrelated Offenses.

Under 8 GCA §1.15 any felony together with any related misdemeanor shall be prosecuted by indictment, while any other offense shall be prosecuted by complaint. By its plain language, Section 1.15 permits joinder of misdemeanor offenses in an indictment only where those offenses are related to the charged felony. The statute does not authorize the inclusion of unrelated misdemeanor or violation offenses in a felony indictment.

Here, Charges One and Two arise from alleged conduct occurring between February 14, 2025 and February 26, 2025, involving allegations of terrorizing and assault against a named victim. *Indictment* at 1–2 (Dec. 23, 2025). In contrast, Charges Three and Four arise from an entirely separate incident on December 16, 2025, involving an alleged attempt to elude police during a traffic stop and operating a vehicle without proof of registration. *Id.* at 2. These latter charges involve different conduct, a different date, different circumstances, and no overlap in victims or factual nexus with the alleged February 2025 offenses. Nothing in the record suggests that the December 2025 traffic-related offenses are part of the same act or transaction, or part of

a common scheme or plan, as the February 2025 alleged offenses. On these facts, Charges Three and Four cannot be deemed "related misdemeanors" within the meaning of 8 GCA § 1.15.

The People argue that the grand jury possesses broad authority to investigate and return indictments, citing *In re Application of the People of Guam*, 2024 Guam ¶ 16. That proposition is not in dispute. The Guam Supreme Court has made clear that a grand jury retains broad investigatory authority and may inquire into potential criminal conduct without first identifying a specific charge. *In re Application of the People of Guam*, 2024 Guam 16 ¶ 77–78. However, that authority pertains to the scope of investigation it does not expand the statutory limits governing what charges may properly be joined in a single indictment.

Section 1.15 reflects a clear legislative limitation: only felonies and their related misdemeanors may be prosecuted together by indictment. 8 GCA § 1.15. To read the statute otherwise would render the term "related" meaningless and permit the joinder of wholly unrelated offenses, contrary to the statutory scheme.

Accordingly, while the grand jury acted within its authority to investigate and return charges supported by probable cause, the inclusion of Charges Three and Four in the same Indictment as Charges One and Two was improper. Because those charges are unrelated to the felony-based conduct alleged in Charges One and Two, they must be prosecuted separately.

For these reasons, Defendant's Motion to Dismiss Charges Three and Four is GRANTED.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss Charges Three and Four is GRANTED.

**IT IS SO ORDERED** ____JUL 1 5 2026____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
acknowledge that an electronic
Copy of the original was e mailed to

_Aes L. Yanza_

JUL 1 5 2026 Time. 11:13a
Evan L. Topasna
Deputy clerk , Superior Court of Guam